CASANOVAS & CÍA., SUCRS., INC., Petitioner, *v.* COURT OF TAX APPEALS, Respondent.

No. 1295.   Argued January 18, 1943.—Decided March 29, 1943.

*Oscar Souffront* for petitioner.   *M. Rodríguez Ramos, Acting Attorney General,* for the Treasurer of Puerto Puerto Rico, intervener.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In this case we issued a writ of certiorari on May 29 of this year which was discharged on the following November 18, and on that same date a new writ was issued, all in conformity with our decision in 61 P.R.R. 52, wherein the essential facts of the case are extensively set forth.   As we said then (p. 54), the question for decision was reduced to determining whether or not the refusal to deduct the salary of the president and the secretary of the petitioning corporation during the three years in controversy constituted error.

But it appears from the record that, in deciding this point, the Court of Tax Appeals based its decision on a

memorandum submitted to the Board of Review and Equalization by F. Godoy, General Income Tax Inspector, wherein he maintained that the corporation's sales did not justify deducting the salaries of the president and the secretary of the petitioning corporation. The question as to whether or not the salaries are reasonable is one of fact to be determined by the Court of Tax Appeals, and this court could only alter the conclusion arrived at by that tribunal in a case in which the record does not show that there existed sufficient evidence to support its conclusions. *Montaner* v. *Industrial Commission,* 54 P.R.R. 686; *Mayagüez Sugar Co.* v. *Court of Tax Appeals,* 60 P.R.R. 737.

■ But before deciding the question to which we have referred, we must decide whether or not in arriving at the conclusions which the respondent tribunal arrived at, it complied with due process of law. The record shows that said tribunal rendered the decision appealed from without holding any hearing whatsoever, basing its decision exclusively on the contents of the record in the possession of the Board of Review and Equalization, from which it took Mr. Godoy's memorandum. That procedure on the part of the said tribunal violates flagrantly the constitutional guarantee of due process of law, as we held in *Mayagüez Sugar Co.* v. *Court of Tax Appeals,* 60 P.R.R. 737.

For these reasons, the decision appealed from should be reversed and the case remanded to the respondent tribunal for the holding of a hearing in accordance with law.